# REPORTS OF CASES ADJUDGED

·IN THE

# SUPREME COURT OF PORTO RICO

DE JESÚS, PETITIONER AND APPELLANT, *v.* THE PEOPLE,
CONTESTANT AND RESPONDENT.

APPEAL from a Decision of Mr. Justice Hutchison on a
Petition for a Writ of *Habeas Corpus.*

No. 705.—Decided January 18, 1915.

SECURITY TO KEEP PEACE—COMMITMENT.—The form of commitment in proceed-
ings for security to keep the peace is found in section 70 of the Penal Code,
and section 327 of the Code of Criminal Procedure is not applicable to cases
of this kind.

ID.—COMMITMENT—SECURITY.—In proceedings for security to keep the ·peace
it is not necessary that the commitment should state the reason for the issu-
ance thereof, but it must recite that the offender had been required pre-
viously to give an undertaking to keep the peace, for all that the Legislature
thought. it neecssary for the jailer to know was that the prisoner was put in
his custody for failure to give security.

ID.—COMMITMENT—In proceedings for security to keep the peace the Penal Code
does not require that the particular threat preferred by the prisoner should
be· mentioned in the. commitment.

ID.—AGGRAVATED ASSAULT AND BATTERY—BREACH OF PEACE—MERGER.—The
threats made by the prisoner that he was going to knife and kill the prose-
cuting witness did not become merged in a crime of aggravated assault and
battery or breach of the peace although it is charged in the complaint that
he attempted to carry out his threats.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Candelario de Jesús, the appellant, was required to fur-
nish security to keep the peace and upon his failure to do
so was committed to jail by the Municipal Court of Río
Grande. The appellant then made application for a writ

1

of *habeas corpus* to Mr. Justice Hutchison of this court, who heard all the proceedings in due form, and from his order refusing to discharge the prisoner this appeal is taken.

The petitioner contended that the order committing him was invalid, inasmuch as it did not follow the provisions of section 327 of the Code of Criminal Procedure, which provides:

"When a judgment other than of death has been pronounced, a certified copy of the entry thereof upon the minutes must be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution."

In general the Code of Criminal Procedure is suppletory to the Penal Code. As it happens, however, the whole proceeding covering security to keep the peace is set forth in Title VI of the Penal Code, and the form of the warrant is set forth in section 70, under the same chapter of said code, as follows:

"Section 70.—If the undertaking required by the last section is given, the party informed against must be discharged; if he does not give it, the justice of the peace must commit him to jail, specifying in the warrant the requirement to give security, the amount thereof, and the omission to give the same."

As pointed out by Mr. Justice Hutchison, the Legislature fixed one course of procedure when an ordinary judgment other than death was to be pronounced, and another when the warrant to be issued was for failure to furnish security to keep the peace. The provisions of section 70 of the Penal Code exclude a consideration of the provisions of section 327 of the Code of Criminal Procedure when the question to be considered is a commitment for failure to furnish security to keep the peace, because section 70 is complete and exhaustive in itself.

The appellant also maintains that the provisions of section 70, transcribed above, were not followed. The specifi-

cation of error is that the warrant of commitment should recite "the necessity" for requiring the defendant to give security to keep the peace. The warrant in question is as follows:

"In the Municipal Court of the Judicial Municipal District of Río Grande, P. R. United States of America, the President of the United States, ss: *The People of Porto Rico v. Candelario de Jesús.* Criminal No. 1789. 'Security to keep the peace.' To the Warden of the Jail of San Juan, Porto Rico: An order having been this day made by me that Candelario de Jesús be committed to the jail of that district in the event of failure to furnish a bond fixed in the sum of five hundred dollars and to remain in force for the period of six months; and inasmuch as he has not furnished such undertaking by reason of his inability to find sureties to assume the obligation thereof, you are hereby commanded to receive him into your custody for a period of six months, to be counted from this date, and detain him until he is legally discharged—that is, whenever he shall have furnished the undertaking fixed in accordance with section 69 of the Penal Code now in force. Dated to-day in Río Grande, P. R., July 22, 1914. (Signed) C. García de le Noceda, Municipal Judge of Río Grande, P. R."

Mr. Justice Hutchison drew attention to the difference between the English and Spanish texts of section 70 and thought that the misconception of the appellant arose from the faulty translation. The English words "specifying in the warrant the requirement to give security" were done into Spanish as follows: *"especificando en el auto la necesidad de la fianza."* Appellant insists that the idea of the law is that the warrant should express what the original grounds were for requiring an offender to give security to keep the peace; in other words, a reason for the issuance of the writ. Appellant also insists that there is no real difference between the word *"necesidad"* and the word "requirement" in English. In this appellant is mistaken. Requirement and necessity sometimes are synonymous, but the word "requirement" may refer to something that has already been ordered to be done without any reference to

the fact of the necessity thereof; and such is the case in section 70.

This appears a little more clearly from the consideration of the preceding section. Section 69 provides that "If * * * there is just reason to fear the commission of the offense, the person complained of may be *required* to enter into an undertaking," as provided in said section. Section 70 immediately following provides that if the undertaking is not given the justice of the peace, among other things, must specify in the warrant the *requirement* to give security; in other words, the magistrate must specify that the offender had previously been required to give an undertaking to keep the peace. All that the Legislature thought that it was necessary for the jailer to know was that the prisoner was put in his custody for failure to give security. The warrant in this case referred to the original order requiring the security, reciting that the bond required by the committing magistrate had not been furnished, and was entitled "Security to keep the peace." We see no reason why this warrant did not give both the prisoner and his jailer ample information of the nature of the commitment. The Penal Code does not require that the particular threat preferred by the prisoner be mentioned in the warrant, nor is such mention required in jurisdictions with similar statutes. 5 Cyc., 1033.

The appellant's contention on the merits was that the facts investigated by the magistrate would have constituted a crime of assault and battery with aggravated circumstances, or else a disturbance of the peace; in other words, that the threats used by the prisoner became merged in the actual commission of a crime. It is not averred that the prisoner was convicted or even prosecuted for such a crime. The prisoner was charged with having said to the prosecuting witness in the presence of other persons that he was going to knife the prosecuting witness and also charged in the same proceeding with having attempted to carry out

his threat, saying at the same time that he would kill. the prosecuting witness. This is a plain continuing threat and the prosecuting witness was entitled to be protected under Title VI of the Penal Code. The fact that the prisoner attempted to put into execution a part of a threat makes all the more necessary the intervention of preventive justice.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.